## RICH *v.* TOWN OF MENTZ.

*(Circuit Court, N. D. New York.* March 17, 1884.)

1. MUNICIPAL BONDS—STATUTORY REQUIREMENTS—CERTIFICATE OF JUDGE.
    The act of 1871, of the New York legislature, authorizing municipal corporations to aid in the construction of railroads, requires the petition to show to the satisfaction of the county judge that the petitioners are a majority of the tax-payers, "not including those taxed for dogs or highway tax only." *Held,* following the case of *Cowdrey* v. *Town of Caneadea,* 16 FED. REP. 532, that municipal bonds issued under the act are void unless the record shows that the county judge was satisfied of the sufficiency of the petition.

2. SAME—TAX-PAYERS—DEFINITION BY STATUTE.
    The act of 1871 defines the term "tax-payer," "when used in this act," to mean such tax-payers as are not assessed for dogs or highway tax only. But, *held,* that this definition did not cure a petition which merely showed the consent of "a majority of tax-payers," where the act explicitly required the approval to appear of "a majority of tax-payers, not including those taxed for dogs or highway tax only."

At Law.

*Jas. R. Cox,* for plaintiff.

*F. D. Wright,* for defendent.

Before WALLACE and COXE, JJ.

WALLACE, J. The same questions arise in this case as were presented in *Cowdrey* v. *Town of Caneadea,* 16 FED. REP. 532, where it was ruled that the bonds of the town were void because the county judge did not adjudicate that the requisite majority of tax-payers had consented to the creation of the bonds. No reasons have been advanced in the arguments of counsel that are deemed sufficient to change the conclusions reached in the *Caneadea Case.* It is proper, however, to advert to an argument that was urged in that case, and considered, but not discussed in the opinion, and which has been urged again here. It is insisted that because the amended act of 1871 defines the term "tax-payer" "when used in this act," to mean such tax-payers as are not assessed for dogs or highway tax only, it is not

necessary to comply with the explicit language of the act as to the form and substance of the petition. The petition is the basis and groundwork of the whole bonding proceeding. When the amended act was passed many of these proceedings had been set aside by the courts of this state because of defects of form in the petition; and it was the well-settled law of the state courts that any such defect was jurisdictional, and rendered the whole proceeding futile. Speaking of the act of 1869, the court of appeals said in *People* v. *Smith*, 45 N. Y. 772: "The authority conferred by the act must be exercised in strict conformity to, and by a rigid compliance with, the letter and spirit of the statute." The first section of the amended act provides, in language as explicit as could be employed, that the petition, verified by one of the petitioners, shall set forth that the petitioners are a majority of tax-payers of the town who are taxed or assessed for property "not including those taxed for dogs or highway tax only." It subsequently provides that the word "tax-payer," "when used in this act," shall mean "any corporation or person assessed or taxed for property, * * * not including those taxed for dogs or highway tax only." Section 2 makes it the duty of the county judge "to proceed and take proof as to the said allegations in the petition;" and if he finds that the requisite majority of tax-payers have consented, he shall so adjudge. If there were no express provision requiring it to appear in the petition that the tax-payers who apply are a majority of the designated class, the petition would doubtless be sufficient if it alleged that they were a majority of the tax-payers of the town; and, in this view, there was no need of amending the act of 1869 in this behalf. If the argument for the plaintiff is sound, this explicit provision is meaningless. It is not to be assumed that the legislature did not mean anything by the language which they so carefully employed. It is not difficult to apprehend what the legislature meant by defining the word "tax-payer." It occurs several times in the act. It was defined for convenience, in order to avoid repetition of description whenever the word was used in the act, and in order that there should be no room for doubt what kind of a tax-payer was meant whenever the word was used.

As it seems to me the real question in this case is not whether the county judge made an adjudication which is binding upon the defendant, under the rules of law which control a court or officer exercising a special statutory power, and which require every step to be in strict conformity with the statute which confers the power, but whether the acts of the legislature are not to be treated as creating a jurisdiction of a special character which cannot be assailed collaterally, in which all errors of fact and of law, even those respecting the existence of jurisdictional conditions, are to be corrected in the proceeding itself upon a review by the appellate tribunals. There is much to be said in support of the latter suggestion. *Munson* v. *Town of Lyons*, 12 Blatchf. 539.

As one of the cases now pending in this court, and presenting the same questions as this, involves a sufficient sum to be reviewed by the supreme court, and is to be presented to that court, all proceedings in this case will be stayed, and no judgment be entered, until the decision of that case on writ of error, or until the further order of this court.

COXE, J. I concur in the disposition made of this case; but, for the reasons heretofore stated by me, (*Rich* v. *Town of Mentz*, 18 FED. REP. 52, and *Chandler* v. *Town of Attica*, Id. 299,) I cannot agree with the circuit judge in the construction placed by him upon the act of 1871.